NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIID MOHAMED,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, INC., SANTANDER CONSUMER USA, SNAP-ON CREDIT, LLC, EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No.   5:21-cv-06233<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 *et seq.***<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et seq.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Saiid Mohamed ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Discover Financial Services, Inc. ("Discover"), Santander Consumer USA ("Santander"), Snap-On Credit, LLC ("Snap-On"), Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian")(collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. §1681 *et seq*., and Discover, Santander and Snap-On's violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), pursuant to Cal. Civ. Code §1788 *et seq*.

1

**JURISDICTION AND VENUE**

2

3

2.   Subject matter jurisdiction is conferred upon this Court by the FCRA and 28 U.S.C. §§1331

4

and 1337(a), as the action arises under the laws of the United States.

5

3.   Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. §1367.

6

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business

7

in the Northern District of California, and a substantial portion of the events or omissions giving

8

rise to the claims occurred within the Northern District of California.

9

5.   Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as

10

the claims arise out of the same transaction, occurrence, or series of transactions or occurrences

11

and common questions of law or fact will arise.

12

**PARTIES**

13

14

6.   Plaintiff Saiid Mohamed is a consumer and natural person over 18 years of age who, at all

15

times relevant, resided in the Northern District of California.

16

7.   Discover is a Delaware corporation engaged in the business of offering credit services and

17

collecting or attempting to collect, directly or indirectly, debts owed or due using the mail, credit

18

reporting, and telephone from consumers across the country, including consumers in the State of

19

California.

20

8.   Santander is a consumer finance company focused on vehicle finance and third-party

21

servicing. The company manages accounts for more than 3 million consumers across the country

22

including consumers in the State of California.

23

24

9.   Snap-On provides financing to technicians, students of automotive technical institutions,

25

and shop owners for the purchase of Snap-On hand tools, power tools, tool storage and diagnostics

26

products through an extended credit program.

27

28

2

10. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

11. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

12. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California.

**FACTS SUPPORTING CAUSE OF ACTION**

13. Plaintiff discovered that he had been a victim of identity theft upon reviewing his consumer credit reports.

14. On September 25, 2019, Plaintiff filed a police report with the San Jose Police Department stating that Defendants had used his identity to disperse lines of credit to someone who stole Plaintiff's identity/has the same name as Plaintiff and are reporting the alleged accounts on his consumer credit files.

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html.  (Last visited: 5/17/2021).

15. Following Plaintiff's receipt of the police report, Plaintiff attempted to dispute these items with Equifax, Experian, and TransUnion. However, the disputed fraudulent items remained in his credit files.

16. Consequently, on May 23, 2021, Plaintiff again initiated written credit disputes with Equifax, TransUnion, and Experian. Plaintiff informed Equifax, TransUnion and Experian that: (1) "I have been a victim of identity theft/mixed file due to common name." (2) "I have not authorize[d] or applied for the below accounts [Discover and Santander] that are appearing on my credit report."[2]

17. Plaintiff's dispute letter specifically requested Equifax, TransUnion and Experian to: "The below creditors [Discover and Santander] need to be contacted for verification and then delete the trade lines."

18. Upon information and belief, Discover, Santander and Snap-On received notice of Plaintiff's May 23, 2021 dispute letter within five days of Plaintiff initiating the dispute with Equifax, TransUnion, and Experian. *See* 15 U.S. Code §1681i(a)(2).

19. By July 21, 2021, Equifax failed to reasonably investigate Plaintiff's credit disputes. Specifically, Equifax continued to report Discover, Santander and Snap-On on Plaintiff's credit file, after Plaintiff communicated to Defendant that he was a victim of identity theft and is not responsible for the alleged accounts. In spite of the fact that the trade lines were to be deleted, Equifax, Discover, Santander, and Snap-On continued to report the fraudulent alleged accounts.

20. By July 21, 2021, Experian similarly failed to reasonably investigate Plaintiff's credit disputes. Specifically, Experian continued to report Discover on Plaintiff's credit file, after Plaintiff communicated to Defendant that he was a victim of identity theft and is not responsible for the alleged account. In spite of the fact that the trade line was to be deleted, Experian and Discover continued to report the fraudulent Discover alleged account.

---

[2] Plaintiff disputed the Snap-On trade line prior to May 23, 2021, in a separate dispute.

4

21. By July 21, 2021, TransUnion failed to reasonably investigate Plaintiff's credit disputes. Specifically, TransUnion continued to report Discover and Snap-On on Plaintiff's credit file, after Plaintiff communicated to Defendant that he was a victim of identity theft was is not responsible for the alleged accounts. In spite of the fact that the trade line should be deleted, TransUnion continued to report the fraudulent Discover and Snap-On alleged accounts.

22. Plaintiff's TransUnion report falsely shows a Discover and Snap-On accounts when Plaintiff never engaged or conducted business with either corporation

23. Plaintiff's Equifax report falsely shows a Discover, Santander and Snap-On accounts when Plaintiff never engaged or conducted business with any of the Defendants.

24. Plaintiff's Experian report falsely shows a Discover account when Plaintiff never engaged or conducted business with Discover.

25. Defendants have been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. The inaccurate information consists of accounts and trade lines that do not belong to Plaintiff and which were a result of identity theft.

26. Much to Plaintiff's chagrin, Plaintiff found that all three credit reporting agencies were continuing to inaccurately report the fraudulent alleged accounts that did not belong to him. To this date, Defendants continue to inaccurately and misleadingly report the alleged accounts as derogatory, with a past due amount, and a balance amount.

27. The reporting of the Discover, Santander and Snap-On trade lines is patently inaccurate and materially misleading because Plaintiff was a victim of identity theft and the trade line pertaining to the alleged accounts did not belong to Plaintiff.

28. Despite having actual knowledge that Plaintiff had no connection to the alleged accounts and that the alleged accounts stem from Plaintiff's identity being stolen, Defendants should have removed the alleged accounts from Plaintiff's credit files.

29. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's consumer reports.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

30. The erroneous reporting of the alleged accounts paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the alleged accounts has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and is thus a high-risk consumer.

31. On July 21, 2021, in an effort to remedy the continued inaccurate and materially misleading reporting of the fraudulent alleged debts and to validate the accuracy of Defendants' inaccurate credit reporting, Plaintiff purchased a Credit Report and Score for $29.95.

32. Moreover, Plaintiff was denied credit on numerous occasions due to the fraudulent reporting of the alleged debts in each of Plaintiff's credit files. To date, Plaintiff has yet to receive any credit due to Defendants' inaccurate and materially misleading reporting of the alleged debts.

33. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

34. As a result of the conduct, actions, and inactions of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, the loss of credit, the loss of credit opportunities, loss of the use of funds, injury to reputation and credit rating, the loss of ability to purchase and benefit from a credit line, local or long distance telephone calls, postage, time and money expended meeting with his attorneys, tracking the status of his disputes, obtaining police reports, monitoring

his credit files, mental and emotional pain and suffering, and other frustration and aggravation associated with disputing the fraudulent alleged accounts that do not belong to Plaintiff.

35. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax, TransUnion, and Experian credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST DISCOVER)

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

38. Discover is a "person" as defined by 15 U.S.C. §1681a(b).

39. Discover is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

40. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

41. Discover violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, TransUnion, Experian and Plaintiff.

42. Discover violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, TransUnion, Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

43. Had Discover reviewed the information provided by Equifax, TransUnion, Experian and Plaintiff, it would have corrected the inaccurate designation of the alleged account, and transmitted the correct information to TransUnion, Equifax and Experian. Instead, Discover wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

44. Discover violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax, TransUnion, and Experian.

45. Discover violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax, TransUnion and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the alleged account.

46. Discover violated 15 U.S.C. §1681s-2(b)(1)(E) by failing delete inaccurate information in Plaintiff's Equifax, TransUnion and Experian credit files.

47. Discover failed to conduct a reasonable investigation of its reporting of the alleged account by not deleting the inaccurate information from Plaintiff's Equifax, TransUnion and Experian credit files within 30 days of receiving notice of the disputes from Equifax, TransUnion and Experian under 15 U.S.C. §1681i(a)(1).

48. Despite the blatantly obvious errors in Plaintiff's Equifax, TransUnion and Experian credit files, and Plaintiff's efforts to correct the errors, Discover did not correct the errors or trade line to report accurately. Instead, Discover wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

49. A reasonable investigation by Discover would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax, TransUnion, and Experian credit files.

50. Had Discover taken steps to investigate Plaintiff's valid disputes or Equifax's, TransUnion's and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

51. By deviating from the standards established by the credit card industry and the FCRA, Discover acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, TransUnion and Experian.

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Discover to immediately delete all of the inaccurate fraudulent information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST SANTANDER)

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

54. Santander is a "person" as defined by 15 U.S.C. §1681a(b).

55. Santander is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

56. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

57. Santander violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, and Plaintiff.

9

58. Santander violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

59. Had Santander reviewed the information provided by Equifax, and Plaintiff, it would have corrected the inaccurate designation of the alleged account, and transmitted the correct information to Equifax. Instead, Santander wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

60. Santander violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

61. Santander violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the alleged account.

62. Santander violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to delete the inaccurate information in Plaintiff's Equifax credit file.

63. Santander failed to conduct a reasonable investigation of its reporting of the alleged account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax credit file within 30 days of receiving notice of the dispute from Equifax under 15 U.S.C. §1681i(a)(1).

64. Despite the blatantly obvious errors in Plaintiff's Equifax credit file, and Plaintiff's efforts to correct the errors, Santander did not correct the errors or trade line to report accurately. Instead, Santander wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

65. A reasonable investigation by Santander would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit file.

66. Had Santander taken steps to investigate Plaintiff's valid dispute or Equifax requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting by deleting the alleged account from the Plaintiff's credit file.

67. By deviating from the standards established by the debt collection industry and the FCRA, Santander acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   An order directing Santander to immediately delete all of the inaccurate fraudulent information from Plaintiff's credit reports and credit files;

c.   Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d.   Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.   Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST SNAP-ON)

68. Plaintiff restates and realleges paragraphs 1 through 67 as though fully set forth herein.

69. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

70. Snap-On is a "person" as defined by 15 U.S.C. §1681a(b).

71. Snap-On is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

72. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

73. Snap-On violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, TransUnion and Plaintiff.

74. Snap-On violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, TransUnion and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

75. Had Snap-On reviewed the information provided by Equifax, TransUnion and Plaintiff, it would have corrected the inaccurate designation of the alleged account, and transmitted the correct information to TransUnion and Equifax. Instead, Snap-On wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

76. Snap-On violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax and TransUnion.

77. Snap-On violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax and TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the alleged account.

78. Snap-On violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to delete the inaccurate information in Plaintiff's Equifax and TransUnion credit files.

79. Snap-On failed to conduct a reasonable investigation of its reporting of the alleged account, record that the information was disputed, and delete the inaccurate information from Plaintiff's Equifax and TransUnion credit files within 30 days of receiving notice of the disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

80. Despite the blatantly obvious errors in Plaintiff's Equifax and TransUnion credit files, and Plaintiff's efforts to correct the errors, Snap-On did not correct the errors or trade line to report

accurately. Instead, Snap-On wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

81. A reasonable investigation by Snap-On would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax and TransUnion credit files.

82. Had Snap-On taken steps to investigate Plaintiff's valid disputes or Equifax's, and TransUnion's requests for investigation, it would have permanently deleted the erroneous and misleading credit reporting.

83. By deviating from the standards established by the debt collection industry and the FCRA, Snap-On acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and TransUnion.

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Snap-On to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

13

## COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

84. Plaintiff restate and realleges paragraphs 1 through 83 as though fully set forth herein.

85. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

86. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

87. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

88. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

89. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

90. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

91. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

92. Plaintiff provided Equifax with all relevant information in his request for investigation to reflect that he had no obligation on the alleged accounts and that the alleged accounts should be deleted from his consumer credit report.

93. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by inaccurately reporting the alleged accounts, when it should have been removed from his consumer credit report.

14

94. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff and re-issued these reports to third parties.

95. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete the information in Plaintiff's credit files.

96. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Discover, Santander, and Snap-On. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Discover, Santander and Snap-On regarding Plaintiff's dispute that Equifax received from Plaintiff.

97. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the alleged accounts.

98. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete the inaccurate information that was the subject of Plaintiff's disputes.

99. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Discover, Santander, and Snap-On that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

100.     Equifax knew that the inaccurate reporting of the alleged accounts in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

101.     The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

102.     Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

103.     By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

104.     It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

105.     Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

106.     Equifax acted reprehensively and carelessly by reporting and re-reporting the alleged accounts after Plaintiff put Equifax on notice that the alleged accounts was to be deleted.

107.     Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

108.     As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT V- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST TRANSUNION)

109.     Plaintiff restates and realleges paragraphs 1 through 108 as though fully set forth herein.

110.     TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

111.     TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

112.     At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

113.     At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

114.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

115.     The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

116.     If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

117.     Plaintiff provided TransUnion with all relevant information in his request for investigation to reflect that he had no obligation on the alleged accounts and that the alleged accounts should be deleted from his consumer credit report.

118.     TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the alleged accounts, when it should have been removed from his consumer credit report.

119.     TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

120.     TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

121.     TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Discover and Snap-On. Upon information and belief, TransUnion also failed

to include all relevant information as part of the notice to Discover and Snap-On regarding Plaintiff's dispute that TransUnion received from Plaintiff.

122.     TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the alleged accounts.

123.     TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

124.     TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Discover and Snap-On that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

125.     TransUnion knew that the inaccurate reporting of the alleged accounts would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

126.     The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

127.     Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

128.     By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

129.     It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

130.     TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

131.     TransUnion acted reprehensively and carelessly by reporting and re-reporting the subject account after Plaintiff put TransUnion on notice that the alleged accounts did not belong to him.

132.     TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

133.     As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.   Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.   Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.   Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT VI - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EXPERIAN)

134.     Plaintiff restate and realleges paragraphs 1 through 133 as though fully set forth herein.

135.     Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

136.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

137.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

138.     At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

139.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

140.     The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

141.     If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

142.     Plaintiff provided Experian with all relevant information in his request for investigation to reflect that he had no obligation on the subject account and that the subject account should be deleted, as he was a victim of identity theft.

143.     Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the alleged account, when Plaintiff never opened the alleged accounts and was a victim of identity theft.

144.     Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

145.     Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete the information in Plaintiff's credit files.

146.     Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Discover. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Discover regarding Plaintiff's dispute that Experian received from Plaintiff.

147.     Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the alleged account.

148.     Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete inaccurate information that was the subject of Plaintiff's disputes.

149.     Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Discover that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

150.     Experian knew that the inaccurate reporting of the alleged account would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

151.    The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

152.    Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

153.    By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

154.    It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

155.    Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

156.    Experian acted reprehensively and carelessly by reporting and re-reporting the alleged account after Plaintiff put Experian on notice that the subject account was to be deleted.

157.    Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

158.    As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

    c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    d.  Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

    e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

    f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

    g.  Award any other relief as this Honorable Court deems just and appropriate.

## COUNT VII – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT
### (AGAINST DISCOVER)

159.      Plaintiff restates and realleges paragraphs 1 through 158 as though fully set forth herein.

160.      Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

161.      The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

162.      Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a.**  **Violations of RFDCPA § 1788.13(f)**

163.      The RFDCPA, pursuant to Cal. Civ. Code § 177.13(f) states that "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: (f) the false

representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency."

164.    As outlined above, Defendant engaged in the misrepresentation of information concerning the debtor's alleged account when Defendant failed to report Plaintiff's updated status to consumer reporting agencies or otherwise delete the fraudulent alleged debt from Plaintiff's credit file.

165.    Moreover, Defendant communicated to the Defendant credit reporting agencies that Plaintiff has an account with a balance of $19,643, even though Plaintiff never engaged with Defendant and was a victim of identity theft. This false, misleading representation of the alleged account impaired Plaintiff's credit worthiness and rendered him a high risk consumer.

166.    Defendant willfully and knowingly violated the RFDCPA through its failure to report the Plaintiff's accurate status with respect to the alleged account to consumer reporting agencies. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e.  Award any other relief as this Honorable Court deems just and proper.

### COUNT VIII – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT
(AGAINST SANTANDER)

167.     Plaintiff restates and realleges paragraphs 1 through 166 as though fully set forth herein.

168.     Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

169.     The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

170.     Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.  Violations of RFDCPA § 1788.13(f)**

171.     The RFDCPA, pursuant to Cal. Civ. Code § 177.13(f) states that "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: (f) the false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency."

172.     As outlined above, Defendant engaged in the misrepresentation of information concerning the debtor's alleged account when Defendant failed to report Plaintiff's updated status to consumer reporting agency.

173.     Moreover, Defendant communicated to the Defendant credit reporting agencies that Plaintiff has an account with a balance of $28,659, even though Plaintiff never engaged with Defendant and was a victim of identity theft. This false, misleading representation of an alleged debt impaired Plaintiff's credit worthiness and rendered him a high risk consumer.

174.     Defendant willfully and knowingly violated the RFDCPA through its failure to report the Plaintiff's accurate status with respect to the alleged account to consumer reporting agencies. Defendant's willful and knowing violations of the RFDCPA should trigger this

Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court:

   a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b.   Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

   c.   Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

   d.   Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

   e.   Award any other relief as this Honorable Court deems just and proper.

### COUNT VIIII – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT
(AGAINST SNAP-ON)

175.      Plaintiff restates and realleges paragraphs 1 through 174 as though fully set forth herein.

176.      Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

177.      The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

178.      Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   **a.   Violations of RFDCPA § 1788.13(f)**

179.      The RFDCPA, pursuant to Cal. Civ. Code § 177.13(f) states that "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: (f) the false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency."

180.     As outlined above, Defendant engaged in the misrepresentation of information concerning the debtor's alleged account when Defendant failed to report Plaintiff's updated status to consumer reporting agencies.

181.     Moreover, Defendant communicated to the Defendant credit reporting agencies that Plaintiff has an account with a balance of $22,705, even though Plaintiff never engaged with Defendant and was a victim of identity theft. This false, misrepresentation of an alleged debt impaired Plaintiff's credit worthiness and rendered him a high risk consumer.

182.     Defendant willfully and knowingly violated the RFDCPA through its failure to report the Plaintiff's accurate status with respect to the subject account to consumer reporting agencies. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, SAIID MOHAMED, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
   c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
   d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
   e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

28

1   Date: August 12, 2021                           Respectfully submitted,

2
                                                    By: */s/ Nicholas M. Wajda*
3                                                   Nicholas M. Wajda (State Bar No. 259178)
                                                    **WAJDA LAW GROUP, APC**
4                                                   6167 Bristol Parkway, Suite 200
                                                    Culver City, California 90230
5                                                   Telephone: 310-997-0471
                                                    Email: nick@wajdalawgroup.com
6                                                   *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28